

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Lauren E. Repole*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-2735*

**UNREDACTED BRIEF —**
**TO BE FILED UNDER SEAL**

June 25, 2020

The Honorable Esther Salas
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: United States v. John Doe, Criminal Number to be Assigned
Mag. No. 20-9230

Dear Judge Salas:

The defendant in the above-captioned criminal case (hereinafter referred to by the fictitious name, "John Doe") is cooperating with the United States [redacted] [redacted] [redacted]. Please accept this letter brief in lieu of a more formal brief in support of the Government's motion seeking to have the Court: (1) refer to the defendant as John Doe on ECF; (2) seal all docket entries in this case, except redacted versions of documents concerning this motion; (3) file redacted documents concerning this motion publicly on the docket; and (4) file unredacted documents concerning this motion under seal. For the reasons set forth below, the Government respectfully submits that the Court should grant the motion.

## BACKGROUND

[redacted]

Case 2:20-cr-00556-ES   Document 19   Filed 06/29/20   Page 2 of 9 PageID: 66





**LEGAL ANALYSIS**

The Supreme Court has regularly recognized that the press and public have a qualified right of access to various proceedings in criminal cases. See Richmond Newspapers v. Virginia, 448 U.S. 555 (1980) (finding that lower court's restriction on public access was improper because it failed to: (a) recognize First Amendment right of public and press to attend criminal trials; (b) make proper findings supporting closure of courtroom; and (c) consider alternatives to closure); Press-Enterprise v. Superior Court of California, 464 U.S. 501 (1984) (addressing partial closure of voir dire proceeding in criminal case, and finding that lower court was required to make findings concerning overriding interest supporting closure and consideration of alternatives prior to closing courtroom). However, the right of access is not unconditional. Certain situations, such as the instant matter, may present compelling facts that support anonymizing and sealing portions of the docket. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) (the party seeking to seal any part of a judicial record bears the heavy burden of showing "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure.").

Before a District Court may close the proceedings, or, as requested here, seal the docket and refer to the defendant as John Doe, it must provide adequate notice to the public and an opportunity to be heard. United States v. Criden, 675 F.2d 550, 554 (3d Cir. 1982). See also United States v. Antar, 38 F.3d 1348 (3d Cir. 1994) (finding that court sealed transcripts of jury voir dire prematurely because it did not provide advance notice, conduct a hearing, and make factual findings on the record); United States v. Raffoul, 826 F.2d 218 (3d Cir. 1987) (extending Criden requirements to closure motions made concerning criminal trials). After giving the public ample time to respond, the District Court also must explain, on the record, its reasons "for rejecting alternatives to closure." Criden, 675 F.2d at 554. See also United States v. Doe, 63 F.3d 121 (2nd Cir. 1995).

To be sure, the Government is not asking that the Court close the proceedings, [redacted] However, the Third Circuit has held that the qualified right of access to judicial proceedings "applies with equal force to the issue of access to judicial documents." See United States v. Thomas, 905 F.3d 276, 282 (3d Cir. 2018) ("the First Amendment right of access applies to plea hearings and, by extension, to documents relating to these hearings" [but such] "right of access . . . is presumptive and not absolute, and . . . can be overcome where there is 'cause shown that outweighs the value of openness.'")(quoting United States v. Smith, 123 F.3d 140, 147 (3d Cir. 1997); see also United States v. Smith, 776 F.2d 1104, 1110-13 (3d Cir. 1985); United States v. Kushner, 349 F. Supp. 892, 897-901 (3d Cir. 2005).

**FEDERAL RULES OF PROCEDURE**

Local Civil Rule 5.2(10)(b) provides this Court with the authority and procedure to partially seal the corresponding docket.[1] Local Civil Rule 5.2(10)(b) provides:

> Sealing of Criminal Documents. A document subject to a sealing order or order of confidentiality must be submitted as a Paper Filing, in an envelope clearly marked "sealed," and shall be accompanied by a disk or CD-ROM containing the document in PDF for filing by the Clerk's Office. A motion to file a document under

[1] Under Local Civil Rule 1.1(a), the local civil rules supplement the Federal Rules of Criminal Procedure as well as the Federal Rules of Civil Procedure, and apply in all proceedings to the extent the local rules are not inconsistent with the federal rules.

> seal may be filed electronically, unless prohibited by law. The order of the Court authorizing the filing of documents under seal may be filed electronically, unless prohibited by law. A paper copy of the sealing order must be attached to the documents under seal and be delivered to the Clerk.

Local Civil Rule 5.3 controls protective orders and public access under ECF. Specifically, Local Civil Rule 5.3 governs "any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making." The rule also governs any request "by a party or parties to seal, or otherwise restrict public access to, any judicial proceedings."

Local Civil Rule 5.3(c) provides the procedure to be followed concerning a motion to seal or otherwise restrict public access. The rule states in pertinent part that:

> (1) Any request by a party, parties, or nonparty to seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a single, consolidated motion on behalf of all parties, unless otherwise ordered by the Court on a base-by-case basis . . . . No brief is necessary in support or in opposition to the motion unless the party believes it will assist the Court. . . . . Any motion and supporting papers to seal or otherwise restrict public access shall be available for review by the public.

Local Civil Rule 5.3(c) further provides that the motion papers shall describe with particularity:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief sought is not available; (5) any prior order sealing the same materials in the pending action; and (6) the identity of any party or nonparty known to be objecting to the sealing request. . . .

In addition, the Rule provides, in relevant part:

> (3) Proposed Findings of Fact and Conclusions of Law shall be submitted with the motion papers in the proposed order required by (c)(6) below. Any part opposing the sealing request shall submit an alternative proposed order including the party's Proposed Finding of Fact and Conclusions of Law.
>
> [. . .]
>
> (4) Any materials deemed confidential by a party or parties and submitted with regard to a motion to seal or otherwise restrict public access shall be filed electronically under the designation "confidential materials" and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(c). When a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed under seal, and a version with only the confidential portions redacted shall be filed publicly within one day of the filing of the unredacted version.
>
> (5) Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24 (b) before the return date of any motion to seal or otherwise restrict public access or to obtain public access to materials or judicial proceedings filed under seal.
>
> (6) Any order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(3) above as well as other findings required by law and shall be filed electronically under the designation "order" or "opinion to seal." Such orders and opinions may be redacted. Unredacted orders and opinions may be filed under seal, either electronically or in other medium.

Additionally, Local Civil Rule 5.3 addresses the permissibility of sealing the docket itself. Under Local Civil Rule 5.3, "[n]o docket shall be sealed. However, entries on a docket may be sealed pursuant to the provisions of this rule." Hence, the Court can seal any and all entries but cannot seal the docket itself.

**THE REQUESTED RELIEF**

The United States through this motion seeks to have the Court partially seal the docket as to charging document and this motion and/or refer to the defendant as John Doe on ECF. In support of this motion, the United States provides the following facts:

1. As set forth above, the charge in this case arise from an ongoing investigation and prosecution of members and associates of drug trafficking organizations

2. John Doe was cooperative following arrest and provided information to federal law enforcement officials that inculpated himself and other members of the drug trafficking organizations .

3. 

4. It is believed that the public disclosure of John Doe's charge and cooperation with the Government would place John Doe and members of John Doe's family in physical danger, as drug trafficking organization members, would link John Doe's case to the additional arrests, and assume that John Doe provided information to investigators that led to these arrests.

5. These facts demonstrate a substantial need to partially seal the docket, and override the qualified First Amendment right of the public and press to access certain documents.

6. There is no alternative in this matter that will protect the interest at stake. If the documents are not sealed and/or partially redacted, John Doe's cooperation with the Government will be public and John Doe and Doe's family will face a substantial risk of physical harm.

The Government is proposing restricting access in a narrowly tailored manner. In this regard, the Government is submitting redacted versions of the cover letter, this brief, and two proposed orders. The Government is requesting that the Court seal only documents that, if discovered, would seriously jeopardize the safety of John Doe.

The Government submits that these facts demonstrate, under the legal standards set forth above, an extraordinary situation with compelling government and private interests that justify the sealing of the plea hearing docket entry. Because the Government's concern lies in the ability of the members and associates of the drug trafficking organizations, [redacted] to search John Doe's name and find the public docket relating to this case, the Government is proposing restricting access in a narrowly tailored manner. Thus, the relief requested properly balances the need for confidentiality against the public's strong right of access to court proceedings and records.

Specifically, the Government respectfully requests that this Court seal all ECF docket entries except for the redacted version of the cover letter for this motion, a redacted version of this letter brief, and redacted proposed orders, and also refer to the defendant as "John Doe" on ECF. The Government further requests that all sealed documents remain sealed until such time as the identity of John Doe is publicly disclosed in connection with John Doe's testimony in open court or, otherwise, until the public docketing of the sealed pleadings do not present a substantial risk of compromising John Doe's safety.

The Government has conferred with John Doe's counsel regarding the requested relief. His counsel agrees that John Doe and John Doe's family face a substantial risk of physical harm should John Doe's cooperation be made public and therefore agrees that the Court should grant the Government's motion to seal the documents and refer to the case as United States v. John Doe.

**CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court: (1) execute the attached [Proposed] Order #1, which (a) instructs the Clerk's Office to temporarily caption the matter "*United States v. Jane Doe*" while the motion is being considered, and temporarily seal all ECF docket entries while the motion is being considered, except for the redacted cover letter, redacted letter brief, [Proposed] Order #1, and executed Order #1; (b) sets a return date to provide the press and public their due process notice so that any party has ample time to file their motion to intervene or file briefs in support of any motion; (2) hold a hearing, on the papers or in Court, in Your Honor's discretion, regarding the motion; and (3) grant the motion and execute the redacted [Proposed] Order #2, which instructs the Clerk's Office to caption the matter "*United States v. John Doe*," until otherwise ordered by the Court, and seal all ECF docket entries, except for the redacted cover letter, redacted letter brief, [Proposed] Order #1, executed Order #1, redacted [Proposed] Order #2, and executed redacted Order #2, until otherwise ordered by the Court.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: s/ Lauren E. Repole
Lauren E. Repole
Assistant United States Attorney